IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COCO'S FAMOUS FRIED LOBSTER, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WORLDPAY, LLC,<br><br>    Defendant. | No. 23 C 15605<br><br>**Magistrate Judge<br>Daniel P. McLaughlin** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Worldpay, LLC's Motion to Transfer Venue, or, in the Alternative, Dismiss Complaint [12]. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the Court grants Defendant's motion to transfer and does not reach Defendant's motion to dismiss.

## BACKGROUND

Plaintiff Coco's Famous Fried Lobster, LLC filed this suit in the Circuit Court of Cook County on October 3, 2023, asserting claims for breach of contract and breach of fiduciary duty against Defendant Worldpay, LLC. Defendant removed the action to this Court on November 2, 2023. As alleged in the Complaint, Defendant is

engaged in the business of processing credit card payments. (Compl. at ¶ 3.) Plaintiff – a limited liability company doing business in Illinois – alleges that "the parties executed an agreement . . . whereby Defendant would process credit card payments for Plaintiff." (*Id.* at ¶ 6.) Plaintiff characterizes Defendant's services as "charging Plaintiff's customers' credit cards, collecting the money and remitting those funds to Plaintiff less Defendant's fee." (*Id.*) Plaintiff asserts that "Defendant was processing the credit cards for Plaintiff and remitting funds" and "withheld income taxes from Plaintiff's remittances and reported the withholding on the attached 1099 forms." (*Id.* at ¶ 7.) However, according to Plaintiff, "[d]espite withholding those funds Defendant failed to remit the withholding to the Internal Revenue Service (IRS) so Plaintiff could receive credit when filing its income tax returns." (*Id.* at ¶ 8.) Plaintiff ultimately alleges that "Defendant's failure to remit those funds to the IRS or to the Plaintiff is [a] breach of the agreement entered into by the parties." (*Id.* at ¶ 9.)

The contract between the parties was entered into on or about November 16, 2010. On that date, Plaintiff submitted a Bank Card Merchant Agreement Application and executed a Terms & Conditions Acknowledgment. ([13-2] at 3-5.) The latter acknowledgment states as follows:

> Merchant acknowledges receipt of the Bank Card Merchant Agreement, the application thereto, the pricing schedule, and any and all other applicable amendments, schedules, exhibits, and attachments, including without limitation, the documents listed below (the "Terms and Conditions"). Merchant has read, understands, and agrees to be bound by the Terms and Conditions, as may be amended from time to time in accordance therewith. Merchant acknowledges the Terms and Conditions are a fundamental part of the parties' Agreement without

2

which [Defendant's predecessor] would not provide services to Merchant.

(*Id.* at 5.)

The Bank Card Merchant Agreement Terms and Conditions contain a forum-selection clause. The forum-selection clause states as follows:

> **Governing Law.** This Agreement is entered into, governed by, and construed pursuant to the laws of the State of Ohio without regard to conflicts of law provisions. Merchant irrevocably agrees to all of the following: (i) that any legal suit, action or proceeding arising out of, in any way relating to this Agreement, or pertaining in any way to the relationship between Merchant and Bank <u>shall be exclusively instituted in a state or federal court of appropriate subject matter jurisdiction in Hamilton, County, Ohio</u>; (ii) a waiver all rights to a trial by jury; and (iii) a waiver of any objection which Merchant may have now or hereafter to the venue of any such suit, action or proceeding; and irrevocably submits to the jurisdiction of any such court in any such suit, action or proceeding. Notwithstanding the foregoing, nothing contained herein shall prevent Bank from bringing any action or exercising any rights under this Agreement within any other state or country. Merchant irrevocably agrees that service of process may be made, and personal jurisdiction over Merchant obtained, by serving a copy of the Summons and Complaint upon Merchant at its address set forth in this Agreement in accordance with the applicable laws of the State of Ohio.

([13-1] at ¶ 36 (emphasis added).) Relying on the forum-selection clause, Defendant now moves to transfer this action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). Defendant moves to dismiss in the alternative.

3

**DISCUSSION**

**I.   VALIDITY OF THE FORUM-SELECTION CLAUSE**

Given Defendant's reliance on the forum-selection clause contained in the Bank Card Merchant Agreement Terms and Conditions, the first question is whether the forum-selection clause is valid. The Seventh Circuit has explained that "[s]implicity argues for determining the validity and meaning of a forum selection clause . . . by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears." *Abbott Laboratories v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007) (citations omitted). Further, "[i]n contracts containing a choice of law clause . . . the law designated in the choice of law clause would be used to determine the validity of the forum selection clause." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 775 (7th Cir. 2014). In this case, the forum-selection clause specifies that the parties' agreement is to be governed by Ohio law without regard to conflicts of law provisions. Plaintiff does not explicitly challenge the choice-of-law provision in relation to the forum-selection clause.[1] Accordingly, given that "[t]he clause at issue includes a [Ohio] choice-of-law provision that neither party challenges[,] Ohio law must be applied in determining the validity of the alleged forum-selection clause." *Curtis-Campbell v. Premiere Bldg. Materials, Inc.*, No. 319CV00063, 2019 WL 13229723, at *2 (N.D. Ind. July 23, 2019).

---

[1] Plaintiff only addresses the Ohio choice-of-law provision in relation to the statute of limitations argument set forth in Defendant's motion to dismiss. On that topic, rather than challenging Ohio law as the governing substantive law, Plaintiff asserts that "the law of the forum [Illinois law] controls procedural matters, which includes the statute of limitations." (Pl.'s Resp. at 3.)

4

Under Ohio law, "a forum-selection clause in a commercial contract between business entities is upheld, so long as [its] enforcement does not deprive litigants of their day in court." *Ayyash v. Horizon Freight Sys., Inc.*, No. 15-CV-10296, 2018 WL 5994755, at *4 (N.D. Ill. Nov. 15, 2018) (citation and internal quotations omitted). Thus, "absent evidence of fraud or overreaching, a forum[-]selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." *Id.* (citation omitted). Ohio courts look at the following factors to determine if a forum is unreasonable: (1) the law controlling the contractual dispute; (2) the residency of the parties; (3) where the contract was executed; (4) where the witnesses and parties are located; and (5) whether the forum clause's designated location is inconvenient to the parties. *Id.*

In this case, the first factor supports validity (Ohio law controls) while the fifth factor arguably points to invalidity (an Ohio forum is allegedly inconvenient to Plaintiff). The second, third, and fourth factors are neutral.[2] So, an analysis of the factors ultimately results in a wash and does not clearly show that the forum-selection clause should be invalidated as unreasonable. Further, Plaintiff has not demonstrated fraud or overreaching. Plaintiff protests that "if the contract's forum selection clause governed the Plaintiff would have to find an attorney in Ohio and

---

[2] Plaintiff represents that "its entire business is within the State of Illinois, and mostly Cook County, Illinois." (Pl.'s Resp. at 1.) Defendant represents that "Vantiv, Inc., headquartered in Ohio, acquired Worldpay in 2018, rebranded as Worldpay, and Worldpay currently maintains significant operations and its headquarters at the same location in Ohio." (Def.'s Memo. at 4.)

5

expend a considerable amount of time and money prosecuting this case in Ohio." (Pl.'s Resp. at 2.) However, courts have made clear that "mere inconvenience to the opposing party is not sufficient to invalidate a forum-selection clause as 'unreasonable.'" *Ayyash*, 2018 WL 5994755 at *5.

In reaching the conclusion that the forum-selection clause in this case is valid under Ohio law, the Court finds the analysis set forth in *Ayyash* – also dealing with an Ohio forum-selection clause – to be instructive. In that case, the court reasoned as follows:

> Plaintiffs' argument that Ohio constitutes an unreasonable forum also fails. Looking at the factors that both Ohio and Illinois courts weigh when determining unreasonableness, this Court cannot conclude that Plaintiffs have met their burden of showing that Hafez's forum-selection clause is invalid. First, the controlling law factor does not weigh in favor of Plaintiffs, as Hafez's agreement has a choice of law provision designating Ohio law. Second, the parties' residency does not weigh heavily in favor of Plaintiffs. ([Complaint] (alleging that Hafez and Defendant Fairbanks reside in Illinois, while Defendant Horizon is headquartered in Ohio (with facilities in Illinois), and Defendant Ferrante is located in Ohio).) Third, while the agreement's place of performance appears to weigh in favor of Plaintiffs, it is unclear that the same could be said for the agreement's execution. ([Complaint] (the agreement was signed by Hafez, who resides in Illinois, and by Horizon's President, who is in Ohio).) Fourth, while Plaintiffs claim that most of the evidence is located in Illinois and that Hafez (and other class members) are in Illinois, Plaintiffs have not provided any specific physical or financial reason why he cannot travel to or litigate in Ohio, the forum convenient for Defendants. In sum, Plaintiffs have failed to meet [their] burden of establishing that Ohio is a gravely inconvenient forum such as to effectively deprive him of a meaningful day in court.

*Id.* at *6 (citations omitted). Much of the same reasoning applies in the instant case.

Given that this is a diversity action and this Court sits in Illinois, the Court notes that its conclusion as to the validity of the forum-selection clause is the same if Illinois law is applied. Under Illinois law, "[a] forum selection clause in a contract

6

is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *Jackson*, 764 F.3d at 777. To determine whether a forum-selection clause is unreasonable, Illinois courts look at the following factors: (1) the law governing the formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and performance of the contract; (4) the location of the parties and witnesses; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for. *Ayyash*, 2018 WL 5994755 at *4. The first five factors are the same as in Ohio, and the Court therefore reaches the same conclusions as to them. The sixth factor brings the Court to Plaintiff's sole responsive argument for invalidity.

In opposing Defendant's motion to transfer, Plaintiff relies on a single, 26-year old decision rendered by the Appellate Court of Illinois, namely, *Mellon First United Leasing v. Hansen*, 705 N.E.2d 121 (Ill. App. Ct. 1998). In *Mellon*, the court concluded that a forum-selection clause was unenforceable based on the "particular circumstances" of the case. *Id.* at 125. The court reasoned, *inter alia*, that it did "not appear that the [forum-selection] clause was reached through arm's length negotiation between experienced businesspersons of the same stature." *Id.* Here, Plaintiff asserts that it "is a local purveyor of seafood and its entire business is within the State of Illinois" whereas "Defendant is a national company." (Pl.'s Resp. at 1.) Then, citing *Mellon*, Plaintiff maintains that the forum-selection clause should not be enforced because "Illinois law is clear that where the parties do not possess

7

the same expertise and knowledge a predetermined forum selection provision may be avoided." (*Id.*) Unfortunately for Plaintiff, that simply is not the case.

Indeed, more recent decisions from Illinois courts have rejected *Mellon's* reasoning and holding. *See IFC Credit Corp. v. Rieker Shoe Corp.*, 881 N.E.2d 382, 394 (Ill. App. Ct. 2007) ("Defendants here urge us to follow *Mellon*, but the reasoning of that case is not persuasive and the distinctions it sought to draw are ambiguous. . . . *Mellon* has limited practical application, and we are not inclined to fashion some type of business-sophistication standard out of nebulous factors like small, newly minted businesses or a lack of expertise concerning the particular equipment or service leased."). Furthermore, federal courts have made clear that "a mere lack of bargaining power on the part of one party to a contract does not make a forum-selection clause invalid." *Ayyash*, 2018 WL 5994755 at *5 (rejecting plaintiff's argument that the court "should not enforce the forum-selection clause because he had no bargaining power to negotiate it and because the present case has no ties to Ohio"); *see also Verde Sols., Inc. v. CLE Elec., Inc.*, No. 17-CV-2604, 2017 WL 4099844, at *2 (N.D. Ill. Sept. 15, 2017) ("There is nothing that would lead the Court to conclude that CLE's bargaining power vis-à-vis the forum-selection clause was so uneven as to ignore that clause in the interest of justice."). Accordingly, the Court finds Plaintiff's argument predicated on *Mellon* unavailing.

Finally, to cover all conceivably pertinent bases, the Court notes that its conclusion as to the validity of the forum-selection clause is the same if federal law is applied. Under federal law, "a forum-selection clause is presumed to be valid – to

overcome this presumption, the opposing party must show that the clause is 'unreasonable under the circumstances.'" *Ayyash*, 2018 WL 5994755 at *3 (citation omitted). Courts construe this "unreasonable under the circumstances" exception narrowly. *Id*. "A clause is 'unreasonable' if its incorporation into a contract was the result of fraud, undue influence, or overwhelming bargaining power, if the selected forum is so gravely inconvenient that the opposing party will be deprived of its day in court, or if enforcement of the clause contravenes a strong public policy of the forum." *Id*. (citation omitted). In this case, Plaintiff has not shown that any of these conditions are present. Accordingly, the federal presumption of validity prevails. *See id*. ("[T]he forum-selection clause is valid regardless of whether federal, Ohio, or Illinois law applies.").

## II.     TRANSFER UNDER § 1404(a)

Consistent with Defendant's instant motion, "a forum-selection clause may be enforced by a motion to transfer under § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 52 (2013). That section is a codification of the doctrine of *forum non conveniens* and it states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In the typical case not involving a forum-selection clause, "a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 571 U.S. at 62. Private interest

9

factors include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 62 n.6 (citation omitted). Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.*

Crucially, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause "should not consider arguments about the parties' private interests." *Id.* at 64. That is because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* A court accordingly "must deem the private-interest factors to weigh entirely in favor of the preselected forum" and "may consider arguments about public-interest factors only." *Id.* The Supreme Court has noted that public-interest factors "will rarely defeat a transfer motion." *Id.* Along those lines, the Supreme Court has counseled that when a defendant files a motion to transfer based on a valid forum-selection clause, "a district should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 63 ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.").

10

In the face of a valid forum-selection clause, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted" and the plaintiff must "show[] why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 63-64, 67 ("As the party acting in violation of the forum-selection clause, J-Crew must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer."). The Court finds that Plaintiff has not met that burden here with respect to the public interest factors. Plaintiff has not established that the Southern District of Ohio is overly congested or that Ohio has less of an interest in deciding this dispute. Further, Ohio courts have more experience applying Ohio law. The Court ultimately finds that Plaintiff cannot seek to enforce the parties' contract while avoiding provisions of the contract that it now views as unfavorable. For these reasons, transfer under § 1404(a) is appropriate.

### III. DEFENDANT'S MOTION TO DISMISS

Because the Court finds that transfer of this case to Ohio is appropriate, the Court declines to address the merits of Defendant's motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, Defendant's § 1404(a) motion to transfer is granted. The Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of Ohio, Western Division (Cincinnati).

**SO ORDERED.**  **ENTERED:**

**DATE:**    **October 16, 2024**

                                          **HON. DANIEL P. McLAUGHLIN**
                                          **United States Magistrate Judge**